JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

DAVID WAYNE WILSON,

               Petitioner,

         v.

THERESA CISNEROS, Warden,

               Respondent.

Case No. CV 22-2604 DDP (MRW)

**ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE**

     The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

     1.     In 1997, Petitioner pled nolo contendere to assaulting a peace officer.  Under California's Three Strikes sentencing statute, he was sentenced to life in prison.  (Docket # 1 at 2.)  Petitioner did not appeal his conviction or sentence.

     2.     In his current federal habeas corpus action, Petitioner wishes to challenge aspects of the pretrial, plea, and sentencing phases of his original conviction.

3.    Petitioner previously sought habeas relief in this Court regarding his conviction.  The Court dismissed that action as untimely and for failing to state a cognizable claim for habeas relief.  <u>Wilson v. Sherman</u>, No. CV 19-7708 DDP (MRW) (C.D. Cal.).  The United States Court of Appeals for the Ninth Circuit recently denied Petitioner's untimely request for a certificate of appealability regarding the dismissal of Petitioner's first habeas action.  (Docket # 33.)

4.    Magistrate Judge Wilner screened the petition in the current action.  (Docket # 4.)  Judge Wilner noted that the action appeared to be successive, and was not accompanied by a certificate from the Ninth Circuit authorizing a second habeas action under 28 U.S.C. § 2244.  Judge Wilner further noted that the petition: (a) appeared to be untimely under AEDPA; (b) contained claims that had not been properly presented to or exhausted in the state supreme court; and (c) presented vague or state-law-based claims that were likely not cognizable on federal review.  (<u>Id.</u> at 2-3.)

5.    Petitioner submitted a supplemental statement regarding the petition.  (Docket # 6.)  Petitioner claimed that that district court was required to refer Petitioner's defective petition to the circuit court for consideration of permission to pursue a second habeas action.[1]  Petitioner

---

[1]    Petitioner purported to cite to 28 U.S.C. § 2255 for this concept.  (Docket # 6 at 2.)  He actually appears to rely on Ninth Circuit Rule 22-3, which states:

> If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is <u>mistakenly submitted</u> to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, <u>in the interests of justice</u>, refer it to the court of appeals.

(emphasis added).

1   also advanced a cursory and unsupported request for equitable tolling of

2   the AEDPA deadline, and other arguments regarding the merits of his

3   claims.

4                                            * * *

5          6.     If it "appears from the application that the applicant or person

6   detained is not entitled" to habeas relief, a court may summarily dismiss a

7   habeas action.  28 U.S.C. § 2243; see also Local Civil Rule 72-3.2

8   (magistrate judge may submit proposed order for summary dismissal to

9   district judge "if it plainly appears from the face of the petition [ ] that the

10  petitioner is not entitled to relief").

11         7.     Under federal law, a state prisoner is generally required to

12  present all constitutional challenges to a state conviction in a single federal

13  action.  "Before a second or successive [habeas petition] is filed in the

14  district court, the applicant shall move in the appropriate court of appeals

15  for an order authorizing the district court to consider the application."

16  28 U.S.C. § 2244(b)(3)(A).

17         8.     A prisoner must obtain authorization from the Court of

18  Appeals to pursue such a successive habeas petition before the new petition

19  may be filed in district court.  Id.; Burton v. Stewart, 549 U.S. 147, 156

20  (2007) (district court without jurisdiction to consider successive habeas

21  action when prisoner "neither sought nor received authorization from the

22  Court of Appeals before filing").

23         9.     "If the petition is second or successive, then the district court

24  lacks jurisdiction and must dismiss the petition unless and until the court

25  of appeals grants an application to file it."  Brown v. Muniz, 889 F.3d 661,

26  667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to

27  bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384

28

(9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

10.    A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing.  McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); Remsen v. Attorney General, 471 F. App'x 571 (9th Cir. 2012) (same).

* * *

11.    Petitioner's current habeas action is subject to summary dismissal.  The petition challenges the same conviction that was the subject of his earlier federal habeas action.  That action (CV 19-7708) was dismissed as untimely.  That makes the current action successive. McNabb, 576 F.3d at 1030; Remsen, 471 F. App'x at 571.  Petitioner presents no proof that he asked for or received permission from the Ninth Circuit to pursue another successive action.  The successive action must be dismissed for lack of jurisdiction.  28 U.S.C. § 2244(b); Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

12.    Petitioner does not convincingly demonstrate that this district court must refer the action to the circuit court on his behalf for consideration of authorization to file a successive petition under Section 2244.  Petitioner clearly did not "mistakenly" submit an application for a successive action in the district court (C.R. 22-3); he filed no application at all.  Further, based on (a) the nature of the dismissal of the first action, (b) the circuit's denial of a certificate of appealability, and (c) the obvious problems with Petitioner's current habeas petition (untimeliness, lack of exhaustion, and noncognizability of claims), the interests of justice do not mandate forwarding this action to the circuit court for a near-certain denial

of authorization.  While Petitioner is free to seek permission on his own via a new application (as the magistrate judge previously advised him), there is no basis for the Court to do this for him.

13.    Because the Court does not have jurisdiction to consider the merits of Petitioner's habeas claims, it declines to take up the additional defects with the new petition.

* * *

14.    The Court lacks jurisdiction to consider Petitioner's successive petition.  The action is DISMISSED without prejudice on that basis.

IT IS SO ORDERED.

Dated: February 22, 2023

_____
HON. DEAN D. PREGERSON
SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

5